# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ADAM GALVAN | ) |
| & | ) |
| LEA GALVAN | ) |
| Plaintiffs, | ) |
| vs. | ) JURY TRIAL DEMANDED |
| SPECIFIED CREDIT ASSOCIATION 1, INC. | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiffs, Adam Galvan and Lea Galvan, by and through undersigned counsel, and for his complaint against the Defendant, Specified Credit Association 1, Inc., Plaintiffs states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### II. JURISDICTION & VENUE

2. Jurisdiction arises under 15 U.S.C. § 1692 and pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this District in that Defendant transacts business here, and the conduct complained of occurred here.

### III. PARTIES

4. Adam Galvan is a natural person who resides in Fenton, Missouri.

5. Lea Galvan is a natural person who resides in Fenton, Missouri.

6. Collectively Adam Galvan and Lea Galvan are referenced as "Plaintiffs".

7. Plaintiffs are "consumers" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

8. Specified Credit Association 1 Inc., ("SCA") is a business entity engaged in the collection of consumer debt within the State of Missouri.

9. SCA is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6) in that it is an entity of which its "principal purpose" is the collection of any debts.

### IV. ALLEGATIONS

10. The debt allegedly owed by Adam Galvan and Lea Galvan, ("the Debt"), was incurred primarily for personal, family, or household services and is therefore a "debt" as that term is defined by the FDCPA, 15. U.S.C. § 1692a(5).

11. On or about July 15, SCA called Adam Galvan's place of employment ("July 15 Call").

12. During the course of the July 15 Call, the rep from SCA named "Terri" spoke with Adam Galvan's superior and said that they were looking for Mr. Galvan regarding a debt he owes and that it was very important to call back before they proceed with legal action against him.

13. During the course of the July 15 Call, the SCA rep freely expressed that the call was regarding a debt.

14. At no point had Adam Galvan ever consent to SCA disclosing such information to any third party, let alone his employer.

15. The June 15 Call amounted to an invasion of privacy and has caused significant humiliation and emotional distress to Adam Galvan.

16. 15 U.S.C. § 1692c(b) prohibits debt collectors from communicating with any third parties in connection with the collection of any debt.

17. SCA violated 15 U.S.C § 1692c(b) with the July 15 Call in that it made communications regarding Lea Galvan's and Adam Galvan's Debt to a third party, Adam Galvan's employer, without either of Plaintiffs' permission.

18. After the July 15 Call, Adam Galvan's employer reached out to Lea Galvan and Adam Galvan, informing them of the July 15 Call.

19. In response, Lea Galvan called SCA and spoke to Terri, the SCA rep ("Subsequent Call").

20. During the course of the Subsequent Call, Lea Galvan tried to explain her and Adam Galvan's circumstances to Terri, the SCA rep.

21. Terri the SCA rep responded by telling Lea Galvan that Plaintiffs should be ashamed of themselves and that SCA would continue to call whoever was necessary in order to collect the Debt and that legal action would be taken.

22. 15 U.S.C § 1692e prohibits debt collectors from using false deceptive or misleading representation in association with the collection of debt.  Among these prohibited false or misleading misrepresentations is the threat of taking legal action that cannot be taken or is not intended to be taken. 15 U.S.C § 1692e(5).

23. SCA violated 15 U.S.C § 1692e(5) in that it threatened to take action that could not be legally taken.

24. Specifically, during the Subsequent Call, Terri the SCA rep told Lea Galvan that they would continue to call whoever was necessary in order to collect the debt.

25. As a result of this misrepresentation, Lea Galvan set up a payment to SCA.

## V. JURY DEMAND

26. Plaintiffs are entitled to and hereby respectfully demands a trial by jury on all issues so triable.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, Lea Galvan and Adam Galvan, respectfully prays for judgment as follows:

    a.    All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1) from SCA and for Plaintiffs;

    b.    Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) from SCA and for Plaintiffs;

    c.    Plaintiff's attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from SCA and for Plaintiffs;

    d.    Any other relief deemed appropriate by this Honorable Court.

Date: July 2, 2021

Respectfully submitted,

        **CREDIT LAW CENTER**

        **By:  /s/ Anthony Hernandez**
        Anthony Hernandez
        MO# 69129
        4041 NE Lakewood Way, Suite 200
        Lee's Summit, MO  64064

Telephone:  816-282-0422
Facsimile:   855-523-6884
Anthonyh@creditlawcenter.com
**Attorney for Plaintiff**